## HOLT v. HOLT.

DIVORCE: *Husband's liability to support children in custody of wife.*

A decree of divorce giving the custody of infant children to the mother, either temporarily or permanently, will not relieve the father from his obligation to support them. He is bound to maintain them as long as they are too young to earn their own livelihood; and chancery will at a subsequent term entertain the petition of the mother to recover from him her reasonable and proper advances for their support since the divorce, and for an order for their future support.

APPEAL from *Pulaski* Chancery Court.

Hon. DAVID W. CARROLL, Chancellor.

*Blackwood & Williams* for appellant.

There is no doubt but what the court rendering the original decree could have provided for the care of the children and have decreed that the father should pay so much for the support of the children, although they were taken temporarily from his custody.

Then, did the court, under a supplemental petition, filed at the same term at which the decree was rendered, have jurisdiction to make a supplemental decree?

We contend that it did have, and cite in support of this view *Plaster v. Plaster, 47 Ill., 290; Plaster v. Plaster, 53 Ill., 445; Buckminster v. Buckminster, 38 Vt., 249; Andrews v. Andrews, 15 Iowa, 423; Boggs v. Boggs, 49 Iowa, 190; Cook v. Cook, 1 Barb. (Ch.), 644; Ahrenfeldt v. Ahrenfeldt, 4 Sandf. (Ch.), 494; Harvey v. Lane, 66 Maine, 536; Wilson v. Wilson, 45 Cal., 400; Stanton v. Wilson (as to appellee's liability), 3 Day, 55.*

These cases are also in point as showing both the jurisdiction of the court and the liability of the father to support the children.

The divorce simply changes the status of the father and mother, and does not relieve the father of his duty to provide for his offspring.

*W. L. Terry & T. E. Gibbon* for appellee.

1.   The court had no jurisdiction of the subject of the action, for the reason that it was a suit to recover on implied *assumpsit,* or book account, for goods, wares and merchandise furnished, and money paid, laid out and expended, which could only be a ground of action at common law.   The complaint was not filed for more than two years after the decree of divorce was granted, and with certain exceptions the decrees of courts pass out of their control after the end of the term at which the final decree is rendered.

The authorities cited by appellant's counsel, with the exception of *Plaster v. Plaster*, were all brought under statutes expressly authorizing the court which had granted the divorce to make such subsequent changes in.its orders and decrees concerning the custody and support of the children as it might deem necessary. and proper. Nowhere in our statutes can there be found any authority to the court to alter or amend in any way the decree touching the children. *Gantt's Digest, secs. 2204, 2205, etc.*

2. The complaint does not state facts sufficient to constitute a cause of action. This was an original action, and not supplemental to the original divorce proceedings, as in *Plaster v. Plaster*. Appellant has a complete and adequate remedy at law, etc.

Appellee not liable *to the mother* for the support of the children from the time of her desertion to the time the divorce was granted. (*2 Bishop on Mar. and Divorce, sec. 558.*) At the most, he would be liable for contribution only. *Finch v. Finch, 22 Conn.; Pawling v. Wilson, 13 John. Str., 200.*

See, also, on liability of husband, *Fitler v. Fitler, 9 Casey, 50; Bauman v. Bauman, 18 Ark., 333.*

SMITH, J. On the twenty-eighth of January, 1880, Allen Holt obtained a divorce from his wife Cora, in the Pulaski Chancery Court, on the ground of her desertion of him. The care and custody of their two infant children were awarded to the mother until they should severally arrive at the age of six years, and thereafter to the father. No provision was made in the decree as to who should defray the expenses of rearing the children whilst they were in charge of the mother.

More than two years after the rendition of this decree, Mrs. Holt filed her petition in the same court, alleging

32

that she had paid out near one thousand dollars in board, clothing and medical bills for the children; that their father is in good circumstances and amply able to provide for them; and praying for reimbursement and for an order for their future support.

To this petition a demurrer for want of jurisdiction, and because it did not show that the plaintiff was entitled to the relief sought, was sustained, and the petition dismissed.

DIVORCE: Husband's liability for support of children in custody of wife. The objections to the jurisdiction are, that after the expiration of the term at which the decree was rendered, the Chancery Court loses all jurisdiction over the subject matter of the suit and matters incidental thereto, and that the plaintiff, if she has any cause of action, has a complete remedy at law by action of assumpsit for money paid, laid out and expended for the defendant's use.

It appears to be reasonably well settled in the American States that the custody and support of the children, during and after a suit for divorce between the parents, belongs appropriately to the court hearing the divorce cause. That is the most competent tribunal to regulate and control divorced parents in respect to the support and education of their minor children, and to determine how much each shall pay therefor. *2 Bish. on Mar. and Div.*, secs. *530, 552, et seq.; Buckminster v. Buckminster, 38 Vt., 248; Snover v. Snover, 2 Beasley, 261.*

A majority of the cases have been decided under statutes expressly authorizing the court which had granted the decree of divorce, to make subsequent changes in its directions about these matters. But the divorce law of Illinois is admitted in argument to be substantially the same as ours. And in *Plaster v. Plaster, 47 Ill., 290*, and *53 Ill., 445*, it was determined that chancery, having once acquired jurisdiction over the subject matter, would proceed to do com-

plete justice between the parties. In that case the parties had been divorced in the year 1854. The decree gave the custody of the child to the wife, but was silent respecting its future maintenance. In 1866, eleven years after any orders had been made in the original suit and it had been stricken from the docket, the mother of the child filed her petition setting forth that she had supported the child, and praying for an order that the father reimburse her for reasonable past expenses, and that a suitable provision be made for the child's future support.

In *Stanton v. Wilson, 3 Day (Conn.), 37*, where there had been a legislative divorce and the mother had been appointed guardian of the minor children, the father was held liable, in an action at common law, to compensate her and a stranger whom she had married, for the education and support furnished them. But this doctrine has not been followed, even in Connecticut; it being intimated that the mother, under such circumstances, has, at the utmost, only a right to sue for contribution. *Finch v. Finch, 22 Conn., 411; Pauling v. Wilson, 13 John., 192.*

The rules of the common law are too rigid and inflexible for the proper adjustment of the relative rights and duties of divorced parents. Their pecuniary condition, the ages of the children, the necessity for, and propriety of particular expenditures, and many other considerations are to be taken into account. And, after all, a great deal must be left to the Chancellor.

The dissolution of the marriage tie and decreeing the custody of the children, either permanently or temporarily to the mother, do not relieve the father of his obligation to support them. If they are too young to earn their own livelihood, the father must continue to furnish them a maintenance out of his estate, regard being had to his means and condition in life.

It does not follow that Mrs. Holt will be entitled to recover the whole of her demand. That will depend upon the reasonableness and propriety of her expenditures. And in no event can she obtain anything for the maintenance of the children prior to the decree of divorce.

Reversed and remanded, with directions to overrule the defendant's demurrer to the petition.