SPARKMAN *v.* ROBERTS.

Opinion delivered June 22, 1895.

ESTATES OF MINORS—MOTHER'S CUSTODY.—Though a mother is the natural guardian of her children when their father is dead, she is not entitled to the care and custody of their estate, unless derived from her, until she gives bond and qualifies as their guardian.

MINOR'S HOMESTEAD—IMPROVEMENT BY OCCUPANT—RENTS.—Minors are not liable for permanent and valuable improvements placed by an occupant on their homestead; but, in the absence of a contract, the occupant should be allowed a reasonable compensation for necessary repairs, and charged with such rents for the premises as they would have yielded without the improvements.

Appeal from Randolph Circuit Court.

JOHN B. McCALEB, Judge.

*S. A. D. Eaton*, for appellants.

1. The first instruction given for appellee was too general.

2. The second was error, for there was no evidence to support it. 24 Ark. 251; 29 *id.* 151; 36 *id.* 641; 50 *id.* 506; 2 Thompson on Trials, 2321.

3. It is error to give contradictory instructions, and the second for appellee and the seventh for appellants are wholly contradictory. 26 S. W. 591.

4. Appellee was entitled to nothing for board, clothing and tuition of the children, as they did work enough to pay for them. 16 S. W. 358. Again, there was no evidence as to the value of the board, clothing, etc.

5. Payment to the mother of the rents and profits due the children was not a payment, as she was not entitled to receive it. She was not their guardian, and, being married, could not be. Mansf. Dig. sec. 3486.

6. Appellee was not entitled to offset betterments against rents due the minors. 47 Ark. 445; 55 *id.* 369; 16 Iowa, 444; 48 Ark. 186; 3 Pom. Eq. 1241.

BATTLE, J.   In 1883, D. H. Sparkman died intestate, seized and possessed of certain land, which he used and occupied as his homestead.   He left surviving him a widow and five minor children, three of whom are appellants in this case.   In 1885 the widow intermarried with J. C. Roberts, who immediately took possession of the homestead, and used and occupied it until he secured a divorce from his wife in 1892, a period of about seven years.   In that time he made many valuable improvements on the land, and the children remained with and labored for him ; the services performed by them being worth as much as their board, clothing and tuition.   He may have collected rents for a part of the homestead, and paid them to his wife ; but the principal part, it appears, he occupied and used, and enjoyed all the benefits arising from the same.   Three of the children seek by this action to hold him liable for their portion of the rental value of the place, and he seeks, among other things, to set-off their demands with the value of his improvements.

The questions for us to determine are, what is his liability to the children for the use and occupation of the homestead, and whether the children are liable for the improvements, or any part of them.

Rights of children in deceased parent's homestead.

The constitution of this state provides:   "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half of the rents and profits till each of them arrives at twenty-one years of age, each child's rights to cease at twenty-one years of age, and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not ; and in case of the death

of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

Under the constitution the widow and minor children of a deceased husband and father are seized and possessed of an entire estate or interest in the lands which constitute the homestead of the deceased. This interest is set apart from the husband's estate in such lands for their joint benefit. It is like unto a joint tenancy, with right of survivorship. No partition can be made of it. The widow is the owner of the one undivided half of it for her natural life, or until she shall abandon it, and the minor children are entitled to the other half till each of them arrives at the age of twenty-one, each child's right ceasing as he or she reaches that age, and going to the younger children, until all of them become twenty-one years old, when the entire homestead vests in the widow. If she dies before they reach that age, then the whole of it vests in them, if they survive her.

On account of the entire and indivisible interest of the widow and minor children in the homestead, they are entitled to the joint use and occupation of the common property. But the constitution does not require them to reside on the land as a condition to their right to hold it. They may rent it for their support or education. In that event the widow is entitled to one half of the rents, and the minor children to the remainder. But a more difficult question arises when the widow, or husband she may marry, occupies the homestead, and derives the whole or principal benefit therefrom.

At common law, before the enactment of statute 4 & 5 Anne, each co-tenant had the right to "enter upon and hold exclusive possession of the common property, and to make such profits as he can by proper cultivation, or by other usual means of acquiring benefit therefrom, and to retain the whole of such benefits,

provided that in having such possession, and in making such profits, he has not been guilty of an ouster of his co-tenant, nor hindered the latter from entering upon the premises and enjoying them as he had a right to do." Freeman on Co-tenancy and Partition, sec. 258. But this rule was changed by section 5917 of Sandels & Hill's Digest, which apportions the benefits of the common estate more equitably among the co-tenants. It provides: "When one or more joint tenants, tenants in common, or co-parceners in any real estate, or any interest therein, shall take, use or have the profits and benefits thereof in greater proportion than his interest therein, such person, or his executor or administrator, shall account therefor to his or their co-tenant jointly or severally." Under it the liability of a tenant to his co-tenant is extended to all profits and benefits derived by him from the common property in excess of his proportionate share. He is liable as well for the benfits derived from the property by his own use and occupation of it as for the rents received for it from others.

At the time of the adoption of the constitution, the old common law rule had been abrogated, and the statutes had made joint tenants, tenants in common, and co-parceners accountable to their co-tenants for any rents, profits, and benefits derived from the common property in excess of their share. Presumably with a knowledge of this rule, the constitutional convention created a relation of tenancy between the widow and children as to the homestead, very much like that of joint tenants. Having done so with this knowledge, and undertaken to define their respective rights, it would have been natural, if they had intended that the same rule should not govern the relation of tenants established by the constitution, for them to have specified wherein it should not apply. They have not done

so, unless it was by saying that the widow should have one half of the rents and profits, and the minor children the other half. Hence there is strong reason to infer that they intended that each one should be accountable to the others for any rents, profits and benefits he or she may derive from the homestead in excess of his or her share, the widow being entitled to one-half and the children to the remainder. A careful consideration of the constitution will show that such is its intention.

In giving to the minor children the right to share the homestead equally with the widow, the constitution at the same time vested them with the right to one-half of the rents and profits. As to the use, occupancy, rents and profits, they are placed upon an equality with the widow. The conferring upon them these rights to the exclusion of the adult children, and exempting them from the duty to remain upon the homestead, is a recognition of their probable need of the assistance which can be derived therefrom for their support or education, and of their inability, without it, to make adequate provision for themselves ; and is an evidence of the intention of the constitution to supply this want by the homestead, so far as it will extend. They were doubtless exempted from the duty to occupy the homestead for the purpose of maintaining their right to the same, because it was manifest, from their age, inexperience, incapacity, and lack of property, they might not make it profitable or desirable to do so. In both events, provisions are made for them. In the latter it was intended that they should have one-half of the rents or profits derived therefrom, if occupied by another. In every event they are to have the benefit of the homestead during their minority. To permit the widow, or any one in her right, to use and occupy it without liability to them for one-half of the benefits thereby enjoyed would defeat the object, in

part, of the constitution in making this provision for them. A construction that will give her the right to do so is contrary to the spirit and intention of the constitution. Hence we conclude that the widow, if she occupy and use it, is liable to the minor children for one-half of its rental value, that being the benefit derived.

Right of mother to custody of child's estate.

The payment of rents to the mother for the children by Roberts, the homestead being derived from their father, was unauthorized. It is true that the mother is the natural guardian of her children when the father is dead; but she is not entitled to the care and custody of their estate, when it is not derived from her, until she gives bond and qualifies as other guardians. Sandels & Hill's Digest, sec. 3568.

Liability of minor for improvement of homestead.

Minors are not liable for permanent and valuable improvements placed on their homestead. They cannot be improved out of their homesteads; nor can the occupants be lawfully charged an increased rent on account of their improvements. In the absence of a contract, the occupants should be allowed a reasonable compensation for necessary repairs, and charged with such rents for the premises as they would have yielded without the improvements. *McCloy* v. *Arnett*, 47 Ark. 456; *Reynolds* v. *Reynolds*, 55 Ark. 369.

Reversed and remanded for a new trial. Bunn, C. J., and Hughes, J., being absent, did not participate in the consideration of this case.