DAILY *v*. DAILY.

Opinion delivered October 31, 1927.

1.  DIVORCE—PROVISION FOR MAINTENANCE OF MINOR CHILD.—Where a divorce decree was silent respecting the maintenance of a daughter 15 years of age, a divorced wife could maintain an action against the husband for her future support and education, until she arrived at full age.

2.  DIVORCE—SUPPORT AND MAINTENANCE OF MINOR CHILD.—An agreement between parents as to the custody and support of their minor children does not affect the right of equity to award the custody of a child to either parent and to make reasonable provision for its support and education.

3.  DIVORCE—ALLOWANCE FOR SUPPORT AND EDUCATION OF MINOR CHILD. —Where a divorce decree was silent as to the custody and maintenance of a daughter 15 years of age, in a divorced wife's action against her husband, an allowance of $20 a month while the daughter was attending school *held* reasonable, notwithstanding defendant's evidence that he only received the income of. $20 a month from his property.

4.  DIVORCE—ALLOWANCE FOR PAST SUPPORT.—In a divorced wife's action to recover for money paid by her for the support of a minor daughter, a judgment against the husband for $100 for past support was error,, where an allowance of $20 a month against him was sufficient, in view of his health and financial ability.

Appeal from Benton Chancery Court; *Lee Seamster,* Chancellor; modified.

STATEMENT OF FACTS.

This action was brought in the chancery court of Benton County, Arkansas, by Elizabeth Daily, the divorced wife of W. R. Daily, against him to recover for money paid by her for the support of their minor daughter and to obtain judgment in the sum of fifty dollars per month for the future support and education of said daughter. W. R. Daily defended the suit on the ground that their daughter refused to live with him, and that he is not able to pay anything like the sum required for her maintenance and education.

The record shows that, on the 6th day of January, 1926, Elizabeth Daily obtained a divorce from W. R. Daily

in the chancery court of Benton County, Arkansas. At the time the parties made an estimate of the value of the property owned by W. R. Daily, and he gave Elizabeth Daily a deed to property valued at one-third of the whole in settlement of all property claims she might have against him. At the time of the divorce they had a daughter who was nearly fifteen years of age. The decree of divorce was silent with respect to her custody, support and education.

According to the evidence of Elizabeth Daily, it was agreed between the parties that their daughter, Anna, should be left in her custody and that she should support her until school should be out in the following May. After that time W. R. Daily agreed to contribute towards her support and education. Though requested to do so, the defendant had not contributed anything for the support of their daughter, except eleven dollars. In the property allotted to the defendant there were two bearing apple orchards. The defendant married about a month after Elizabeth obtained a divorce from him, and lives with his present wife on her farm. She has three children, the oldest of whom is nearly grown, and lives away from home most of the time. Her other two children are small, and live at home with their mother and stepfather.

According to the testimony of Anna Daily, she prefers to live with her mother because her father has remarried. If he had not married again, she would just as soon live with him as with her mother. It was also shown by the mother that the daughter was in school, and that her expenses for support and education would amount to fifty dollars per month, and that the mother was not able to pay all of that amount.

According to the testimony of W. R. Daily, his apple orchards have greatly deteriorated in value, and, at the present time, do not yield him any income. His property only yields him an income of twenty dollars per month. He is not strong, and can do but little except to manage the farm of his present wife and work on it to some extent.

It was decreed that Elizabeth Daily should receive from W. R. Daily the sum of one hundred dollars, which she had paid for the support and education of their minor daughter since the decree of divorce, and that she should have judgment against him for the sum of twenty dollars monthly, commencing on the 15th day of November, 1926, which sum was to be used for the support and education of their minor daughter, Anna Daily. It was further decreed that the custody of said minor be awarded to the mother. The case is here on appeal.

*W. O. Young*, for appellant.

*Duty & Duty*, for appellee.

HART, C. J., (after stating the facts). In *Holt v. Holt*, 42 Ark. 495, it was held that a court of equity will, at a subsequent term, entertain the petition of the mother to recover from the father her reasonable and proper advances for the support of their minor children since the divorce and for an order for their future support. In that case, at the time of the rendition of the decree of divorce, the care and custody of the two younger children was awarded the mother, but no provision was made in the decree as to who should defray the expenses of their support and education while they were in charge of the mother. The court held that the father was bound to maintain the children as long as they were too young to earn their own livelihood, and that the fact that the mother had been awarded their custody in the divorce decree did not relieve the father from his obligation to support them.

In a case-note to *Spencer v. Spencer*, 97 Minn. 56, 7 Ann. Cas. 901, at page 903, 105 N. W. 483, 2 L. R. A. (N. S.) 851, 114 Am. St. Rep. 695, it is said that a majority of the cases hold that, where the divorce decree awards the custody of the children to the mother but makes no provision for their maintenance, the father's legal liability to support his children still continues, and a reasonable sum may be recovered for their support.

It follows that the plaintiff had a right to maintain this action against the defendant for the custody of

their minor child and for her future support and education until she arrived at full age. In this connection it may be said that, whatever the result of the agreement between the husband and wife with respect to the custody and support of their minor child, such agreement does not affect the right of a court of equity to award the custody of the child to either parent and to make reasonable provision for its support and education. The reason is that the public has an interest in the matter, and that the interest of the child is the paramount consideration of the court. In this view of the matter the court did not err in awarding the custody of the child to the mother, for she had arrived at an age when her wishes should be considered in the matter, and she preferred to live with her mother because her father had married again.

On the question of support and education of the minor, we are of the opinion that the allowance of twenty dollars per month, as fixed by the chancellor, for the future support and education of the minor while she is attending school, was reasonable, and it will be allowed to stand. The father testified that his orchards had depreciated in value so that at present they did not yield him any income. He stated that he only received an income of twenty dollars per month from his property. This, we think, is a reasonable sum to be devoted to the education of his daughter during her minority, leaving him to support himself.

We think, however, that the chancellor erred in rendering judgment against him for one hundred dollars for past support, for the reason that we think that the allowance of twenty dollars against him was a sufficient consideration, when his state of health and financial ability is considered.

The result of our views is that the decree of the chancery court will be modified so as to require the defendant to pay to the plaintiff the sum of twenty dollars monthly, commencing on the 15th day of November, 1926, for the support and education of said minor, Anna Daily, and the decree of the chancery court awarding the cus-

tody of said minor to the plaintiff will be affirmed. The cost of this appeal will.be taxed against the defendant.

It is therefore ordered that the decree of the chancery court be modified in accordance with this opinion, and, as modified, it will be affirmed.