McWilliams v. Kinney.

Opinion delivered January 13, 1930.

Jesse Reynolds, and Jacoway, Miles, Donham & Fulk, for appellant.

Hays, Priddy & Rorex, for appellee.

McHaney, J. Appellant was formerly the wife of appellee. In June, 1926, on her complaint, which was uncontested, she was, by the Johnson Chancery Court, granted a divorce from appellee, and in August following was married to her present husband, Frank McWilliams. Thereafter, in October, 1926, appellee sued Frank McWilliams for damages for alienation of his wife's affections. This suit resulted in a verdict and judgment against McWilliams in the sum of $2,500. On appeal to this court, said judgment was affirmed on December 3, 1928. McWilliams v. Kinney, 178 Ark. 513, 11 S. W. (2d) 1. This judgment became final after the lapse of fifteen judicial days from said date, and on December 29, 1928, appellant brought this suit in the same chancery court to recover the sum of $810, which she claimed she had expended since said divorce decree, for the support and education of their thirteen-year-old son, who had been in her care and custody ever since said decree, and for an order for a monthly allowance for support of said child in the future. At the same time, she caused a writ of garnishment before judgment to be served on Frank McWilliams, her then husband.

After hearing the evidence, including the testimony in the case of Kinney v. McWilliams, which was made a part of the record in this case by agreement, the court entered a decree dismissing appellant's complaint for want of equity, and she has appealed.

The complaint in the divorce case made no mention of a child, and the decree was therefore silent as to its custody. When appellant married McWilliams in August, 1926, this child was taken into the McWilliams family as a member thereof, and has ever since been

supported, maintained and educated by the funds furnished by Frank McWilliams. Appellant admits that she had no money when she married the second time, has earned none since, and that the money she spent on her child was furnished by her husband. She brought this suit in her own name to recover an amount expended, in fact, by her husband, and caused him to be garnished just about the time he would be required to settle the judgment in the alienation suit. But for that judgment, it appears doubtful that this suit would have been brought.

The dissolution of the bonds of matrimony creates a new relationship between the parties. Whereas, they were husband and wife, with all the privileges, immunities and burdens imposed by law because of this relationship, they are now strangers in law, third parties, as it were, with no legal obligations, each to the other, except those preserved by decree or contract. When a child is born, both become parents, and, although the ties of matrimony may be broken by decree of court, none can be made that severs the relation of parent and child. It is the rule in this State, and, generally elsewhere, that the father is bound, primarily, in case of divorce, to support his infant children, and this, too, where the decree of divorce awards the custody of the child to the mother, with no provision being made regarding support. One of our leading cases on the subject is *Holt* v. *Holt,* 42 Ark. 495. In that case, the husband divorced the wife for desertion, but she was given the custody of their two infant children for a period. No provision was made in the decree as to who should pay their expenses. More than two years later, she sued the father for the expenses of their board, clothing and medical bills she had incurred, alleging his ability to pay. The lower court sustained a demurrer to the petition, but this court reversed the case, holding the lower court had jurisdiction, and further stated: "The dissolution of the marriage tie and decreeing the custody of the children, either permanently or temporarily to the mother, do not relieve the father of his obligation to support them. If they are

too young to earn their own livelihood, the father must continue to furnish them a maintenance out of his estate, regard being had to his means and condition in life." See also *Shue* v. *Shue,* 162 Ark. 216, 258 S. W. 128 and *Longinotti* v. *Longinotti,* 169 Ark. 1001, 277 S. W. 41. The case of *Holt* v. *Holt, supra,* was again cited with approval in the case of *Daily* v. *Daily,* 175 Ark. 161, 298 S. W. 1012. There the parties were divorced on January 6, 1926, the decree being silent as to the custody, support and education of their minor daughter. She later brought suit against him to recover for money paid by her for the support and education of the daughter, and for an order for a monthly sum for her future support and education. She testified that it was agreed between them that she should have the custody of their daughter, and that she should support her until school should be out in May following, and that thereafter he was to contribute towards the support and education of the daughter, but had failed to do so. There was a decree for $100 for past support and $20 monthly for future support. This court modified this decree by disallowing the $100, and permitting the $20 monthly support to stand, taking into consideration the condition of his health and ability to pay. The effect of that holding is that a divorced wife may maintain an action against the former husband for the future support and education of their minor child, even where the decree is silent as to the custody and maintenance of said child.

These cases announce correct principles of law, and we do not intend to impair them in the least by the decision we now make in this case. As we view the case in hand, it is entirely different from them, and is not controlled by them. Here the wife obtained a divorce, apparently, for the purpose of marrying the man who had stolen away her affections. She obtained it on a complaint that did not disclose to the court the existence of a child, and under a decree that was silent as to its custody or support, and without any agreement with her husband touching its custody or support. After mar-

riage, the child was taken into the McWilliams home as a member of the family, and was supported and schooled with money furnished by the step-father, for about two and one-half years, without any claim being made, and then only when payday had come on the alienation judgment. We think the chancery court was amply justified in holding them mere volunteers, and in denying a recovery for support money prior to the suit. Nor do we think any error was committed in denying a recovery for future support, so long as the same conditions prevail. *Nelson* v. *Nelson,* 146 Ark. 362, 225 S. W. 619.

Considering all the facts and circumstances in this case, we have reached the conclusion that the decree is correct, and should be affirmed. It is so ordered.

HART, C. J., SMITH and BUTLER, J.J., dissent.