### KIRBY *v.* KIRBY.

Opinion delivered November 2, 1931.

*Tom Kidd,* for appellant.

*Jas. S. McConnell,* for appellee.

SMITH, J. Appellant and appellee were married August 11, 1929, and lived together as husband and wife

until June, 1930, at which time appellant left appellee's home and has not since lived with him. Both parties had been previously married, and Mr. Kirby, appellee, was the father of six children, one of whom resided with him. Mrs. Kirby, appellant, was the mother of two children, both boys, the elder named Gilbert being nine years old at the time of her marriage to Mr. Kirby.

Mr. Kirby is a very substantial farmer, the owner of a 400-acre farm, and has money in bank and out at interest, and owns a large quantity of livestock, yet he worked himself in his fields. One day while Mr. Kirby was plowing corn, he put the boy Gilbert to work chopping cotton, and when he discovered that the boy was cutting up too much of the cotton, he became angry and whipped the boy in anger. The whipping was unnecessarily severe, and blood was drawn, and bruises were left on the boy's body. Mrs. Kirby interfered, and Mr. Kirby said he would lay it on her, but he did not offer to strike her. He did tell her, however, that she could take her children and leave. Mr. Kirby had whipped the boy on three previous occasions, but not so severely, and Mrs. Kirby made no complaint of these whippings.

After the boy Gilbert was whipped the last time, Mrs. Kirby left her husband and returned to the homestead of her first husband, the father of her children. Mrs. Kirby was a widow at the time of her second marriage. Her first husband had children by a former marriage, and one of these children, a daughter, resided on his homestead, and Mrs. Kirby took up her residence with this daughter and now resides with her. Mrs. Kirby was pregnant at the time she left the home of her present husband, and in October, 1930, gave birth to a girl child.

Shortly before the birth of this child, Mrs. Kirby brought suit for divorce and alimony and for the custody of this child and for an allowance for its support. Pending the trial of this suit a consent decree was entered whereby Mrs. Kirby was given $200 in money settlement of her property rights in the estate of her husband, Mr.

Kirby, and an allowance of $20 per month was made for the support of their infant child.

Before the final submission of this cause, Mr. Kirby made an attempt to effect a reconciliation with his wife, and attempted to induce her to return to his home. He later filed a petition to modify the decree wherein the allowance of $20 per month had been made for the infant.

It was the opinion of the chancellor that it was Mrs. Kirby's duty to return to the home of her husband, and in the final decree from which this appeal comes, the prayer for a divorce was denied, and the former decree was modified to the extent that Mr. Kirby was excused from payments on account of the support of their infant child, and this appeal is from that decree.

We are of the opinion that the decree for divorce which Mrs. Kirby prayed was properly denied. Mr. Kirby had repented his anger with his wife and confessed that he whipped the child with unnecessary severity, and proposed in an effort to effect a reconciliation, to leave the future correction of Mrs. Kirby's two children by her first marriage to her. He also proposed that the decree awarding her $200 in settlement of her claim against his estate be set aside. The chancellor was evidently of the opinion that Mrs. Kirby should accept this proposition, and that she would have done so, but for the interference of Mrs. Kirby's stepdaughter, with whom she now resides, and the decree of the court was rendered upon the theory that Kirby should not be required to make contributions to the infant's support while he was in good faith offering to support the child and its mother and her other children at his home.

The testimony establishes the fact that Mrs. Kirby's stepdaughter was hostile to Mr. Kirby, and that at first he was not permitted to visit his child at her home, but she appears to have modified her attitude in this respect and does not now refuse him permission to see the child at her home.

We have concluded that Mrs. Kirby ought to forgive and forget the conduct of her husband which caused her

to leave his home, and should now accept the offer which he makes in good faith to effect a reconciliation, and for this reason the divorce which she prayed was properly denied.

But the fact remains that she had cause for leaving Kirby's home; indeed, she was invited to do so, and she appears to be unable to forgive and forget, and the court is without power to compel her to return to her husband's home.

Now, while this obstancy on the part of Mrs. Kirby justified the court in refusing her a divorce or an allowance for her separate support, the rights of the infant child are unaffected by the attitude of its parents towards each other. Their duty to it continues. This child, a girl, is only one year old, and its tender age is such that Mr. Kirby does not ask that its mother be deprived of its custody, and we think the father should be required to make contributions to its support. His duty to the child would not be affected, even though he had obtained a divorce.

It was said in the case of *Holt* v. *Holt*, 42 Ark. 495, that "the dissolution of the marriage tie and decreeing the custody of the children, either permanently or temporarily to the mother, do not relieve the father of his obligation to support them. If they are too young to earn their own livelihood, the father must continue to furnish them a maintenance out of his estate, regard being had to his means and condition in life." This rule has since been consistently followed and applied by this court, and was expressly reaffirmed in the case of *Shue* v. *Shue*, 162 Ark. 220, 258 S. W. 128; and *Daily* v. *Daily*, 175 Ark. 163, 298 S. W. 1012.

In the original consent decree an allowance of $20 per month was made for the support of the child, but in view of the circumstances of the parties this may be somewhat excessive, as the testimony of Mrs. Kirby herself shows that she did not require this sum to support the child. We have concluded, in view of the testimony as to Mr. Kirby's financial circumstances, that an allow-

ance on this account to Mrs. Kirby of $15 per month will not be excessive and is sufficient.

The decree of the court below is therefore modified to the extent of allowing Mrs. Kirby the sum of $15 per month for the support of the infant child; in all other respects the decree is affirmed.

The costs of this case, including those on the appeal, will be assessed against the appellee, the husband.