BRADAS *v.* DOWNING.

4-6276 150 S. W. 2d 27

Opinion delivered March 31, 1941.

*Lester M. Ponder, E. E. McLees* and *E. H. Tharp,* for appellant.

*W. P. Smith* and *H. W. Judkins,* for appellee.

HUMPHREYS, J. Appellant obtained a decree of divorce from appellee in the chancery court of Lawrence county on the 12th day of June, 1930, in which the custody of their minor child, Beulah Mamie Downing, was awarded to her free from the control or interference of appellee.

Some time in 1933, appellant married John Bradas and moved to Shreveport, Louisiana, taking the child with them. The child resided in the home with her mother and stepfather in Shreveport during the school year and spent the summer with her aunt in Little Rock until July, 1939, since which time she has been in the care and custody of her aunt in Little Rock so that she might receive medical treatment from specialists for her affliction commonly called muscular atrophy. Symptoms of the affliction first appeared in 1934 and will progressively get worse as the child grows into adolescence and may develop into curvature of the spine unless she can receive treatment from specialists. She needs huge doses of vitamin ''E'' which is an expensive preparation. The child is now eleven years old and the disease has already progressed until it impairs muscular activity throughout the body, even involving her face. When the child smiles she does not smile like an ordinary person. When the child attempts to walk she has a tottery, drunken gait. The movements of her hands and arms are jerky and undecided.

Her stepfather supported and maintained her in his home until she came to Little Rock for special treatment and even then sent the aunt money with which to pay specialists and on March 19, 1940, sent the aunt a Western Union money order for a considerable sum. The aunt, Mrs. Mamie Crump, and her husband, together with the aid of the stepfather and mother have borne the entire expense of the specialists to this day. Her aunt, Mrs. Crump, took the child to Dr. Willis Campbell in Memphis, Tennessee, and at the time requested appellee to meet her in Memphis so that he might help with the cost of any treatment that Dr. Campbell might deem necessary. She made this request by letter to which she received no answer. The stepfather has a position with a laundry in Shreveport.

Appellee testified that subsequent to the divorce he married again, and that he has a child by his second wife, and that he contributes to their support; that he earns $126 a month, and that his monthly expenses and debts amount to about $152 a month; that his expenses

consist of old obligations and the maintenance and support of himself and new family.

Mrs. Mamie Crump testified that she and her husband were not in a financial condition to continue or to assist in paying for the services of specialists in treating the child.

Appellant brought this suit in the Lawrence chancery court on March 20, 1940, seeking to recover from appellee $50 per month or such sum as the court may deem proper to be expended for medical services in the treatment and care of the child.

Appellee filed an answer stating that in June, 1930, the court granted a divorce to appellant against appellee and awarded the custody of the child to appellant without imposing upon him the support and maintenance of the child; that appellant had intermarried with John Bradas, who, by virtue of such marriage, took the status of a parent and that the stepfather is responsible for the care and maintenance of his stepdaughter and prayed that her complaint be dismissed for the want of equity.

Upon a hearing of the cause on the pleadings and evidence the court dismissed the complaint upon authority of the case of *McWilliams* v. *Kinney*, 180 Ark. 836, 22 S. W. 2d 1003.

In the case of *McWilliams* v. *Kinney, supra,* this court said that: ''It is the rule in this state, and, generally elsewhere, that the father is bound, primarily, in case of divorce to support his infant children, and this is true where the decree of divorce awards the custody of the child to the mother with no provision being made regarding support of the child.''

In support of the general rule announced above, the court cited *Holt* v. *Holt,* 42 Ark. 495, and quoted from the Holt case, *supra,* as follows: ''The dissolution of the marriage tie and decreeing the custody of the children, either permanently or temporarily to the mother, do not relieve the father of his obligation to support them. If they are too young to earn their own livelihood, the father must continue to furnish them a maintenance out

of his estate, regard being had to his means and condition in life." See, also, *Shue* v. *Shue,* 162 Ark. 216, 258 S. W. 128, and *Longinotti* v. *Longinotti,* 169 Ark. 1001, 277 S. W. 41. The case of *Holt* v. *Holt, supra,* was again cited with approval in the case of *Daily* v. *Daily,* 175 Ark. 161, 298 S. W. 1012.

The court ruled in the case of *McWilliams* v. *Kinney* that the principles announced in *Holt* v. *Holt, supra,* were correct principles of law and it was not meant or intended to impair those principles of law in the least in deciding the *McWilliams* v. *Kinney* case, *supra.* In affirming the judgment of the trial court in the *McWilliams* v. *Kinney* case, *supra,* the court differentiated the facts from the facts in the Holt case and called attention to the fact that Mrs. McWilliams soon after obtaining her divorce from Kinney married McWilliams who had alienated her affections from him and that McWilliams as a volunteer had taken the child into his home and supported it for about two and a half years without any claim being made, and then only when pay day had come on the alienation judgment against him. The *McWilliams* v. *Kinney* case is not authority for changing the rule that a father is bound primarily to support his infant children, notwithstanding the decree of divorce awards the custody to the mother with no provision for their support, since, although the ties of matrimony may be broken by decree the relationship of parent and child can not be severed; and a divorced wife may maintain an action against the former husband for the future support and education of their minor child even where the divorce is silent as to its custody and maintenance.

In the case of *Owen* v. *Watson,* 157 Tenn. 352, 8 S. W. 2d 484, the court ruled that the father of a fourteen-year-old boy whose custody was awarded the mother by a divorce decree was liable to a surgeon and the hospital for hospital bills and the performance of an appendectomy on the boy and the rendering of services incident thereto although the boy was supported by the stepfather as a member of the latter's family.

In the case at bar, we have an innocent minor child afflicted in such a way that she needs the treatment from

specialists in order that her life may not entirely be destroyed. The appellee is the author of her existence and is primarily responsible for her support and maintenance and certainly he should be required under the facts and circumstances in this case to assume a part of the extraordinary expense incident to medical treatment for the insidious disease which has come upon her.

The thing that troubles us most is the amount we should adjudge in favor of appellant to assist her to procure the treatment of specialists for the afflicted child. We think the amount prayed for is reasonable if and the child's aunt and her husband are not able to pay the entire expense and it is also evident that appellee is not in a financial position to pay $50 a month toward the services of specialists in attending upon the child. We think the amount prayed for is reasonable if appellee was in a position to pay it. Fifty dollars a month would not be exorbitant, but he only earns $126 a month and the law imposes upon him the duty of maintaining his new family. Under all the circumstances a contribution on his part of $12.50 a month would not prevent him from supporting his new family if they live economically. The decree dismissing appellant's complaint for want of equity is reversed, and the cause is remanded with directions to the trial court to enter a decree of $12.50 a month in favor of appellant for the support and maintenance of their afflicted child.