GANT v. GANT.

4-7791                                    191 S. W. 2d 596

Opinion delivered January 14, 1946.

*Geo. W. Johnson,* for appellant.

*Roy Gean,* for appellee.

McFADDIN, J. The only question on this appeal is whether the chancery court was correct in awarding appellee $150 to reimburse her for amounts expended by her for clothing, nursing, and medical treatment of the afflicted child of the appellant and appellee.

Lola Gant and Paul Gant were married in 1924. They had one child, a boy, Richard Gant, mentally subnormal, and now about sixteen years of age. On September 17, 1943, Lola Gant obtained a decree of divorce in the Sebastian chancery court on the ground of cruelty and indignities; and, in the decree, there was incorporated an agreement between the parties concerning the custody and support of the child, which agreement recited, *inter alia:*

"It is agreed that the custody of the child shall be vested one-half time in the husband and one-half time in the wife, and the husband will pay to the wife, for the care and upkeep of said minor child while in her care, the sum of $20 per month. . . . The husband will also provide, at his own expense, all clothing and medical treatment and service which the child may required."

On June 7, 1945, Paul Gant filed his motion for modification of the former decree, seeking to secure full-time custody of the child, and to be relieved of all future payments of $20 per month to Lola Gant for the care and upkeep of the child. On June 12, 1945, Lola Gant responded to the said motion. (1) She waived all right to custody of the child except from 1:00 p.m. Sunday until 9:00 a.m. Monday of each week. (2) Mrs. Gant did not seek any money for future care and upkeep of the child, but she did seek reimbursement for previous expenditures

in these two respects: (a) she claimed that she should be allowed $121.46 to reimburse her for that amount expended for "clothing and medical service, which she had furnished said child while in her custody"; and (b) she claimed that the $20 per month provided in the decree of September 7, 1943, had been wholly inadequate for the care and upkeep of the child, and that she had been obliged to obtain a nurse or attendant, and that $240 should be allowed her as reimbursement for additional expenses incurred by her in care and upkeep of the child during the period from September 7, 1943, until June 12, 1945. Mrs. Gant admitted that Paul Gant had paid the $20 per month provided in the decree, but claimed that she had expended $121.46 for clothing and medical services, and $240 for the service of an attendant, and that she was entitled to the additional allowance of this $361.46.

After an exhaustive and patient hearing, the chancery court entered a decree allowing Mrs. Lola Gant $150, which may be separated as $121.46 for clothing and medical services, and $28.54 for additional care and upkeep. From this allowance, Paul Gant has appealed. We reach these conclusions:

I. *Mrs. Lola Gant is Entitled to Be Reimbursed for the $121.46 that She Expended for Clothes and Medical Services for the Child.* By the terms of the original decree of September 7, 1943, Paul Gant was "to provide at his own expense all clothes and medical treatment and services which the child may require." The evidence supports the decree of the chancery court to the effect that Mrs. Lola Gant expended $121.46 for clothes, drugs and medical treatment, and she is entitled to be reimbursed to this amount, because by the decree of September 7, 1943, Paul Gant was under the duty to pay these items, in addition to the $20 per month for care and upkeep. The clothing and medical items were placed in a separate category from the $20 per month for care and upkeep. If authorities are needed to sustain the statement that the father is under the duty to supply clothing and medical services for his child, and is liable for the cost thereof, even in the absence of the provisions of a divorce decree, then see

*Holt* v. *Holt*, 42 Ark. 495; *Daily* v. *Daily*, 175 Ark. 161, 298 S. W. 1012; *McWilliams* v. *Kinney*, 180 Ark. 836, 22 S. W. 2d 1003; *Bradas* v. *Downing*, 202 Ark. 90, 150 S. W. 2d 27; *McCall* v. *McCall*, 205 Ark. 1123, 172 S. W. 2d 677.

II. *Mrs. Lola Gant Cannot Recover the $28.54 Allowed for Additional Expense of Care and Upkeep.* The chancery court allowed Mrs. Gant a total of $150. Of this amount, $121.46 was for clothing and medical services as previously explained. The remaining $28.54 was for care and upkeep, in addition to the $20 per month allowed her by the decree of September 7, 1943, and paid by Paul Gant. We do not doubt that Mrs. Gant expended more than $20 per month allowed by the decree; but she should have secured a court order for increased allowance before incurring increased expenses. The law does not permit an award for maintenance to be increased retrospectively. See *Adair* v. *Superior Court*, 44 Arizona 139, 33 Pac. 2d 995, 94 A. L. R. 328; and the Annotation in 94 A. L. R. 331; and see, also, 27 C. J. S., § 322, p. 1237 and p. 1239, and cases there cited.

It follows that the decree of the chancery court, allowing Mrs. Lola Gant $150, is modified so as to make the allowance $121.46; and as so modified the decree is affirmed, and all costs of both courts are adjudged against the appellant.