LARRY F. WALKER v. KILLOREN ELECTRIC CO.

5-4396                                          421 S. W. 2d 893

Opinion delivered December 18, 1967

*Faubus & Henson,* for appellant.

*Pearson & Pearson,* for appellee.

LYLE BROWN, Justice. Appellant (plaintiff below) brought this action to vacate a judgment rendered in his favor in 1950, at which time he was a minor. The demurrer and motion to dismiss the new action, filed by Killoren Electric Company, a corporation, was sustained.

Larry F. Walker, allegedly four years of age at the time, was injured from the explosion of a dynamite cap in 1948. Appellee, Killoren Electric, was at the time charged with having left the cap on the premises of Larry's grandfather, where some construction work was being performed. Suit was filed in Madison Circuit Court and judgment entered in 1950. Larry's mother brought that suit as next friend and was represented by two firms of attorneys. Judgment was entered for Larry for $2,500 and that amount was paid into the registry of the court.

After attaining majority, Larry Walker brought this suit styled ''Complaint at Law to Vacate Judgment.'' He contends that a settlement was negotiated in 1950 and was the sole basis for the court's judgment; that the judgment was grossly inadequate; that no medical evidence was submitted to the court; and that Larry is entitled to relief under the provisions of Ark. Stat. Ann. §§ 29-117 and 29-506 (Repl. 1962).

Killoren's demurrer alleged that the facts recited in the complaint did not state a cause of action. Additionally, a motion to dismiss was grounded on the assertion that no relief was available under §§ 29-117 and 29-506. The trial court sustained the demurrer and the motion to dismiss.

Walker's appeal raises three points which we will discuss as they are listed.

*Point I. The trial court erred in holding that §§ 29-117 and 29-506 afford no relief to Walker.* Section 29-117 provides it is not necessary to reserve in a judgment the right of an infant to contest that judgment within one year after attaining majority. Section 29-506 sets forth eight grounds for setting aside a judgment after the expiration of the term. From an examination of that statute it is apparent that appellant is relying on the last one. ''Eighth'' preserves the right

of an infant, after attaining majority, to set aside an erroneous judgment *as prescribed in* § 29-117.

The privilege reserved to infants by § 29-117 is restricted to *infant defendants. Woodall* v. *Moore,* 55 Ark. 22, 17 S. W. 268 (1891). Further, this statement from *Woodall* was reiterated in *Selig* v. *Barnett,* 233 Ark. 900, 350 S. W. 2d 176 (1961):

> "When infants by their guardian or next friend go into Court to assert their rights, they proceed under the eye of the court, and are supposed to enjoy its care and protection, and conclusions therein reached are as binding upon them as upon persons *sui juris.*"

*Point II. The trial court erred in holding that appellant's motion to vacate did not state a cause of action.* It was the court's view that appellant did not state a cause of action under § 29-117. It is evident, from what we have said under Point I, that the ruling was correct.

*Point III. The* 1950 *judgment for the minor plaintiff was in reality a settlement; there was no judicial investigation of the merits of the claim; in those circumstances relief may be had against the judgment.* When a minor's interest is involved and it affirmatively appears from the judgment that the court merely embodied a settlement in its judgment, that judgment is void on its face. *Kuykendall* v. *Zachary,* 179 Ark. 478, 16 S. W. 2d 590 (1929). In *Kuykendall* the judgment recited that the parties appeared in person and by counsel and announced a settlement. On the strength of that announcement the court entered an "agreed judgment" in the amount of the settlement figure. "It affirmatively appears," says the opinion, ". . . . that the court found only that a settlement of the minor's claim had been made, and a decree was rendered in accordance with this settlement."

*Kuykendall* does not condemn settlement of a minor's claim; to the contrary, it is said "compromise might in many cases be entirely proper and highly advantageous to the minor." To be raised to the sanctity of a binding judgment it should be determined by the court "as being fair to the minor, and the approval would, of course, imply such investigation on the part of the court as made the fact appear that the minor's interest had not been sacrificed."

A judgment was similarly attacked in *Swindle v. Rogers,* 188 Ark. 503, 66 S. W. 2d 630 (1934). Judgment was entered on the same day suit was filed for the minor. Jury was waived, the court considered the complaint, the answer, and heard testimony. Being "well and sufficiently advised" the court entered judgment for the minor. That judgment was here sustained. Significantly, the record showed that testimony was heard, "thus implying that the minor's rights had been protected."

The 1950 judgment here challenged shows on its face the appearance of the parties and counsel, ready for trial. The cause was submitted to the court "upon the complaint of the Plaintiffs, the answer of the Defendant and *the oral and documentary evidence adduced* . . . ." Such words as "settlement" and "compromise" appear at no point in the record.

Affirmed.