Mary I. CLARK *v.* Harold R. REISS

CA 91-278                                    831 S.W.2d 622

Court of Appeals of Arkansas
Division I
Opinion delivered May 20, 1992

*Westphal & Steenken*, by: *Lewis Steenken*, for appellant.

*Marcia McIvor*, for appellee.

JAMES R. COOPER, Judge. The parties in this chancery case were divorced in 1989, and the appellant, Mary Clark, was awarded custody of their minor twin daughters. Prior to the fall school semester of 1990, the appellant obtained permission from the Arkansas Department of Education to provide home schooling for her children. In response to a petition filed by the appellee, the chancellor entered a temporary order directing the appellant to keep the parties' daughters enrolled and in attendance at the Kingston, Arkansas, public schools and to refrain from making changes in the children's school enrollment. After a hearing on the merits, the chancellor entered a permanent order denying the appellant the right to remove the children from public school in order to provide them with home schooling. From that decision, comes this appeal.

The appellant contends that the chancellor erred in construing the home schooling statute, Ark. Code Ann. § 6-15-503 (Supp. 1991), to require that both parents must consent to a home school education. She also contends the chancellor erred in finding that she was not qualified to educate her children under § 6-15-503. It is unnecessary, however, for this court to address these issues, because the chancellor did not make these findings that the appellant challenges. The chancellor did find, however, that, at this time, it was not in the children's best interest to be withdrawn from public schools in order to be home schooled by

the appellant. We cannot say this finding is clearly against the preponderance of the evidenced.

Minors are wards of the chancery court, and it is the duty of those courts to make all orders that will properly safeguard their rights. *Jones* v. *Jones*, 13 Ark. App. 102, 105, 680 S.W.2d 118, 120, (1984). The prime concern and controlling factor is the best interest of the child, and the court in its sound discretion will look into the peculiar circumstances of each case and act as the welfare of the child appears to require. *Id.* at 107, 680 S.W.2d at 121. An agreement entered into by a husband and wife relating to the custody of their minor children does not affect the right of a court of equity to award the custody of the children and to make reasonable provisions for their support and education. *Penny* v. *Penny*, 210 Ark. 16, 18, 193 S.W.2d 811, 812 (1946); *Daily* v. *Daily*, 175 Ark. 161, 164, 298 S.W. 1012, 1013 (1927). Moreover, an award of custody to one parent does not lessen the non-custodial parent's responsibility relative to the children nor does it affect his rights as a parent to provide guidance and to participate in decisions affecting the welfare of the children. *See Provin* v. *Provin*, 264 Ark. 551, 555, 572 S.W.2d 853, 855 (1978).

The appellant testified that she is a chiropractor and works three days a week, Tuesday, Thursday and Saturday, and the other days, she stays at home. She testified that, prior to the 1990 school year, she was approved as a home school teacher by the Arkansas Department of Education and educated her children at home for a brief period. She testified that, on the days that she was home, the children worked all day until bedtime with a lot of breaks. She stated that, on the days she works in her office, the girls have a room where they can do things such as their math papers and writing. She stated that they can also go to the library to research social studies projects and things of that nature. She stated that she wants to home school the children because she feels she can supply a better education in the areas of social studies, history, geography, health, and anatomy than is being offered in the public school system. She also testified that she is concerned over the two and one-half hours the children spend on the school bus going to and from school each day. She testified that home schooling would give her more flexibility and she would not have to worry about getting the children to school when the

weather is bad. She testified that, although she has had no special training in elementary education, she feels that she could provide a better education than they currently receive.

The appellant admitted that, if she were allowed to home school the children, it would alter the appellee's visitation with them. Currently, when the children have a Monday school holiday and it is the appellee's weekend for visitation, he is allowed to keep the children through the weekend until Tuesday morning. The appellant testified that, if she is allowed to home school the children, she would need the children to be brought home on Monday.

The appellee objected to the children being withdrawn from public school. He testified that, since the children began attending school, they have changed schools five times. He stated he did not believe the continuity of their education could be maintained by home schooling and that he believed home schooling would interfere with his children's social interaction with their peers. He also testified that the children's grades have been low and their report cards indicate part of the problem is due to their number of absences. He stated that, although he had no objection to the appellant home schooling the children in addition to their attending public school, he felt the children's primary educational environment should be public school.

The evidence also demonstrated that the appellee actively participated in his children's education. He testified that, during the current school year, when the appellant temporarily withdrew the children from school in order to provide their education at home, the children missed more than the allowable amount of days, but stated he was able to enroll them back in public school after he explained their situation to their principal and the superintendent of schools and promised to help the children catch up with their classmates. He testified that he had conferences with their teachers, collected past homework assignments, and worked with the children each weekend until they were current with their classmates. He also testified that home schooling would adversely affect his visitation with the children. He testified that, currently, he can visit their school, check on their progress, and have lunch with them. He testified that the previous year, he was a "class mother."

■ In restraining the appellant from withdrawing the children from public school, the chancellor recognized that the appellant is the custodial parent and therefore has a certain degree of latitude in decisions involving the children. Notwithstanding this fact, he went on to state that, because the decision to remove the children from the structured school system is so important and could drastically affect their entire future, in this situation, it should be a unanimous decision of both parents. He further noted that the appellant did not have a structured educational environment and that the work the children would be performing during the days that the appellant works would not provide the basic fundamental educational requirements that the state requires. The chancellor concluded that it was in the best interest of the children for them to remain in a structured school environment. We cannot say the chancellor's finding in this regard was clearly erroneous or clearly against a preponderance of the evidence.

■■ The chancellor's findings in a child custody case will not be reversed unless they are clearly against the preponderance . of the evidence, and since the preponderance of the evidence turns largely on the credibility of the witnesses, the appellate court defers to the superior position of the chancellor. *Rush* v. *Wallace*, 23 Ark. App. 61, 70, 742 S.W.2d 952, 957 (1988). Especially in child custody cases, a heavier burden is cast upon the chancellor to utilize to the fullest extent all of his powers of perception in evaluating the witnesses, their testimony, and the children's best interest. *Calhoun* v. *Calhoun*, 3 Ark. App. 270, 273, 625 S.W.2d 545, 547 (1981).

Affirmed

JENNINGS and MAYFIELD, JJ., agree.