**Barry P. KENT, Appellee**

v.

**Louise E. KENT, Appellant.**

**Barry P. Kent, Appellee**

v.

**Louise E. Kent, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 2010.

Filed March 18, 2011.

Deborah L. Lesko, Pittsburgh, for appellant.

Avram Y. Rosen, Mt. Lebanon, for appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, and FREEDBERG, JJ.

OPINION BY BOWES, J.:

In this appeal, Louise E. Kent ("Wife") challenges the trial court's award of alimony in the divorce proceedings between the parties. After careful review, we affirm in part and reverse in part and remand for proceedings consistent with this opinion.

The trial court aptly delineated the pertinent facts as follows.

Wife and Barry Kent (Husband) were married for over 17 years and had two minor children—a daughter born in 1996 and a son born in 2003. In 2001, when their daughter reached school age, Wife stopped working at her job as a public school teacher to stay home and home-school the parties' children. The parties made changes in their financial lifestyle to try to accommodate the reduced income. Wife, having worked as a teacher for ten years, opted to receive her PSERS pension early to supplement Husband's salary. The family lived frugally, using equity in the house to allay financial burdens unmet by [H]usband's salary.

The marriage deteriorated over the years. Wife testified Husband had alcohol and pornography issues and indulged in extramarital affairs. In 2005, Husband announced he wanted a divorce. Wife, however, did not want a divorce, despite the couple's problems. The parties did separate on August 21, 2005.

At the time of trial, Wife and children were living in the marital residence and Husband was living in a one-bedroom apartment. Wife was continuing to home-school the parties' daughter. Wife asked to receive alimony because she wanted to remain at home to home-school both children through graduation from high school. She requested that Husband pay alimony of $700.00 until 2022 to accomplish this goal.

This Court entered its Order on August 20, 2008, dividing the marital estate 60/40 in Wife's favor and providing Wife with $100.00 more in monthly alimony than she requested to total $800.00, inter alia. The Court did not provide for alimony until the year 2022, finding instead that Wife needed to return to the workforce and become self-supporting.

A Decree in Divorce was entered on August 18, 2009. Wife filed three separate Notices of Appeal in this matter on September 3, 2009. On September 11, 2009, Husband filed a Motion for Reconsideration, which the Court granted, the result of which was merely a clarification of the time frame of the three years of alimony. Husband then filed a Notice of Appeal. Wife filed another Notice of Appeal on September 18, 2009. Husband's appeal was discontinued. Two of Wife's appeals were dismissed and two consolidated at this number and term.

Trial Court Opinion, 2/3/10, at 2–3. (citations to record omitted).

Both Wife and the trial court have complied with Pa.R.A.P. 1925. Wife now raises the following issues for our consideration.

A. Did the trial court abuse its discretion in failing to award Wife alimony for a time period to allow Wife to home-school the parties' children through high school?

B. Did the trial court abuse its discretion in failing to direct Husband to maintain the children as sole beneficiaries on his life insurance?

C. Did the trial court abuse its discretion in failing to award Wife a greater amount of attorney fees and costs?

D. Did the trial court abuse its discretion in failing to find that Husband had additional income in the form of dividends?

Wife's brief at 19.

■ Preliminarily, we note that both the parties and the trial court agree as to Wife's second issue and acknowledge that the court erred in neglecting to order Husband to maintain the parties' children as the sole beneficiaries on his life insurance policy. Accordingly, we remand for the trial court to correct this error. Further, we are cognizant that Husband, Wife, and the trial court agree that Wife's award of attorney's fees should be increased to $7,528.50, i.e., fifty percent of her attorney's fees. Therefore, we remand to the trial court to enter an appropriate order.

■ Having disposed of the matters that are not subject to dispute, we now address Wife's first contention that the trial court abused its discretion in failing to award Wife alimony through 2022, which would permit her to home school the parties' children through high school. Wife maintains that the trial court's decision to increase the amount of alimony but reduce the number of years she would receive alimony was inconsistent with its findings of fact. Further, she contends that the trial court's rationale, that Wife could not sustain herself on the child support and alimony requested, was not supported by the evidence. Finally, Wife repeatedly assails the trial court for purportedly substituting its own judgment on home schooling in determining that

Wife should re-enter the workforce. According to Wife, the trial court should have determined that she has no earning capacity since she home schools the parties' oldest child. Wife submits that the decision to home school was a joint decision by her and Husband during their marriage and that their daughter has benefited from that schooling.

Husband counters that the parties did not make a joint decision to home school their daughter past elementary school and made no decision relative to their young son, who at the time was not old enough to attend school. However, Husband does acknowledge that he originally acquiesced in home schooling their daughter, but maintains that this initial agreement should not bind the parties "to an economically-unviable situation." Husband's brief at 10. Husband also argues that home schooling does not bar Wife from re-entering the workforce. According to Husband, Wife must teach 180 days a year for five hours on each of those days, leaving additional time throughout the year to maintain employment of some kind. Additionally, Husband suggests that continued home schooling will prove a detriment to the children's development since the children will not be exposed to a more rigorous study of science and are less likely to develop socially.

In reaching its decision, the trial court concluded that although the parties jointly decided to home school during their marriage, "that decision had been premised and necessarily conditioned on an intact marriage and all of the economic benefit that inures to said condition." Trial Court Opinion, 2/3/10, at 4. Thus, the court reasoned that Husband should not have to support two households with his income following divorce. While acknowledging that Wife was a dedicated teacher, the court determined that Wife's request to remain unemployed and rely on Husband's income was unrealistic and inequitable.

■■■ As a panel of this Court recently stated:

Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. *Teodorski v. Teodorski,* 857 A.2d 194, 200 (Pa.Super.2004) (citation omitted). An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. *Stamerro v. Stamerro,* 889 A.2d 1251, 1259 (Pa.Super.2005). "The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met." *Miller v. Miller,* 744 A.2d 778, 788 (Pa.Super.1999) (citation omitted).

"Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." *Teodorski,* 857 A.2d at 200 (citation omitted). An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award. *Jayne v. Jayne,* 443 Pa.Super. 664, 663 A.2d 169 (1995).

*Balicki v. Balicki,* 4 A.3d 654, 659 (Pa. 2010).

In determining whether alimony is necessary, the trial court must consider the enumerated factors set forth in 23 Pa.C.S. § 3701. That statute provides:

**(b) Factors relevant.**—In determining whether alimony is necessary and in de-

termining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

(c) **Duration.**—The court in ordering alimony shall determine the duration of the order, which may be for a definite or an indefinite period of time which is reasonable under the circumstances.

23 Pa.C.S. § 3701(b)(c).

There is a paucity of case law relative to applying these factors where one party asserts that because the parties agreed to home school during the marriage, the other party is obligated to pay alimony until the children complete their high school education. Wife references this Court's decision in *Fitzgerald v. Kempf,* 805 A.2d 529 (Pa.Super.2002), a case involving a parent's obligation to pay for private school tuition, and a non-binding unpublished decision from Michigan. Similarly, Husband analogizes to our case law discussing a parent's obligation to pay for private school and cites to an Arkansas appellate decision discussing home schooling. *See Staub v. Staub,* 960 A.2d 848 (Pa.Super.2008); *Gibbons v. Kugle,* 908 A.2d 916 (Pa.Super.2006); *Clark v. Reiss,* 38 Ark. App. 150, 831 S.W.2d 622 (1992).

Preliminarily, we reject any reliance on an unpublished non-binding opinion from Michigan. We also find that the analysis provided in *Fitzgerald, supra,* is of little value. In *Fitzgerald,* the husband/father

appealed a child support order making him responsible for seventy-five percent of his children's private school tuition. This Court noted that private school tuition "may be a reasonable need for a child if it is demonstrated that the child will benefit from such and if private schooling is consistent with the family's standard of living and station in life before the separation." *Fitzgerald, supra* at 533. It then determined that the trial court's finding that the wife therein preferred private schooling and the husband accepted this position was supported by the record.

There, of course, exists a critical difference between child support and alimony. Child support, including the payment of private school tuition, is intended for the purpose of benefiting the child or children. Hence, the court must determine what is in the best interests of the child. Although alimony can indirectly benefit a child, its purpose is quite distinct. The objective of alimony is to provide the party receiving alimony the ability to maintain his or her reasonable needs when he or she is unable to support himself or herself through appropriate employment. While Wife maintains that she cannot support herself through appropriate employment because she home schools the children, this analysis is separate from that involved in crafting a child support order. Therefore, we conclude that *Fitzgerald* is inapposite.

Correspondingly, we find the discussion contained within *Staub, supra,* and *Gibbons, supra,* to be of little guidance to the issue currently before this Court. The *Staub* Court was faced with the question of whether home schooling or public schooling was in the best interests of a child whose parents shared legal custody and could not agree on appropriate schooling. The Court declined to adopt a bright-line rule that public school was preferable in

such a situation and examined the issue in light of the best interests of the child therein. In *Gibbons, supra,* the court considered whether a support order requiring the father to pay support for private school tuition was appropriate and determined that private school was a reasonable need of the child and in fitting with the parties' standard of living before separation. Again, the trial court's inquiry is different in the context of alimony. For these same reasons, *Clark, supra,* is inapplicable.

However, in *Taylor v. Taylor,* 369 Ark. 31, 250 S.W.3d 232 (2007), the Arkansas Supreme Court addressed a similar issue to the one presented herein. The appellant in *Taylor* asserted that the trial court erred in awarding alimony to his former wife based on her decision to home school the parties' children. He argued that alimony was not appropriate to compensate a parent who chose to home school and remain unemployed. Citing the purpose of alimony in Arkansas, and the factors a court is to consider in determining alimony in that jurisdiction, the court closely examined the facts of the case and determined that the trial court's award of alimony until the children entered public school or graduated from high school was appropriate. The court noted that the mother had no outside employment throughout the entire marriage, little marketable skills, and a lack of meaningful employment history. Thus, in reaching its determination, the *Taylor* Court concluded that alimony was not awarded solely to compensate the mother for home schooling and relied heavily on her inability to obtain meaningful employment.

We conclude, that this Court's focus is on whether the trial court adequately examined the specific facts of the case and analyzed the appropriate statutory factors in determining the reasonable needs of a receiving spouse. In doing so, we remain

cognizant that the duration of alimony is intended to support the receiving spouse for a period in which he or she is unable to support himself or herself via appropriate employment.

Instantly, Wife has a master's degree in elementary education and was employed as a public school teacher for over ten years, in marked contrast to the lack of marketable skills or meaningful employment history of the mother in *Taylor.* Furthermore, the record supports the trial court's finding that although Husband and Wife initially agreed to home school their daughter, that agreement was premised on an intact marriage and the financial means to do so. Moreover, the record evinces that the trial court carefully considered the appropriate statutory factors, *i.e.,* the earnings and earning capacity of both parties, the length of their marriage, their respective ages, health, and education level, as well as their standard of living during the marriage, and their assets and debts. *See* Trial Court Order, 8/19/08. In evaluating these factors and the evidence presented, the court concluded that it was unreasonable for Wife to remain unemployed to home school the parties' children through high school and require Husband to support both households with his income for twelve years. We see no abuse of discretion in this decision.

Further, we disagree with Wife's characterization of the trial court's decision with regard to home schooling. Nothing in the record supports Wife's assertion that the trial court substituted its values for that of the parties on the home schooling issue. At no point did the trial court express any negative opinion regarding home schooling. Indeed, the court specifically noted that it was convinced that home schooling benefited the parties' daughter. Nevertheless, as we have previously indicated, a court's analysis in the context of determining alimony is not identical to that of awarding child support. The court's determination was not a referendum on home schooling; rather, it was a reasoned approach based on economic realities and the fact that the decision to home school was based on an intact marriage. Since ample evidence supports the court's conclusion that Wife could support herself through appropriate employment within three years of the alimony order, we hold that Wife is not entitled to relief on her first issue.

▮ In addition to Wife's alimony argument, she asserts that the trial court erred in failing to award her the costs of procuring an expert witness. We review a trial court's decision to award costs and fees in a divorce matter under an abuse of discretion standard. *Kohl v. Kohl,* 387 Pa.Super. 367, 564 A.2d 222 (1989). Our Supreme Court recently stated that

> "The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct." *Lucchino v. Commonwealth,* 570 Pa. 277, 809 A.2d 264, 267 (2002). This so-called "American Rule" holds true "unless there is express statutory authorization, a clear agreement of the parties or some other established exception." *Mosaica Academy Charter School v. Com. Dept. of Educ.,* 572 Pa. 191, 813 A.2d 813, 822 (2002).

*McMullen v. Kutz,* 603 Pa. 602, 985 A.2d 769, 775 (2009).

Wife's sole argument related to this claim is that the trial court determined that she was entitled to fifty percent of her attorney's fees but did not conclude that she was entitled to fifty percent of her expert's fee. Since Wife has provided no citation to legal authority with respect to her assertion, the issue is waived. *Frey v. Frey,* 821 A.2d 623 (Pa.Super.2003).

Wife's final claim is that the trial court erred in overlooking Husband's dividend income. Specifically, Wife contends that the parties stipulated that Husband has an annual dividend income of $2,915 per year. The trial court indicated that "[a] few thousand dollars in one direction or the other in Husband's income would not in any fashion have affected the Court's decision, which was based more on Wife's demonstrated budget and what the Court determined were her current rehabilitative needs." Trial Court Opinion, 2/3/10, at 8. Again, Wife has failed to provide any legal citation in support of her argument and it is unclear whether Wife is challenging the court's equitable distribution or alimony award on this basis. Accordingly, Wife has waived this issue.

Order affirmed in part and reversed in part. Case remanded for proceedings in accordance with this decision. Jurisdiction relinquished.