**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARYELLEN WILSON NOW KNOWN AS MARYELLEN BOROVICK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DONALD REECE WILSON | |
| Appellee | No. 1852 WDA 2013 |

Appeal from the Order May 31, 2013
In the Court of Common Pleas of Clarion County
Civil Division at No(s): 151 CD 2009

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                 **FILED SEPTEMBER 30, 2014**

Appellant, MaryEllen Wilson, now known as MaryEllen Borovick ("Wife"), appeals from the order entered May 31, 2013, by the Court of Common Pleas of Clarion County, which directed the equitable distribution of the parties' marital property.  Wife alleges that the trial court erred in the duration of time it ordered Appellee, Donald Reece Wilson ("Husband"), to pay alimony.  After review, we vacate the order and remand with instructions.

The trial court summarized the pertinent facts of this case as follows:

> [Wife] and [Husband] were married on August 25, 1999 in Rimersburg, PA.  For a majority of the time they were married they lived at the marital residence located at 371 Packing Road, New Bethlehem, Clarion County, PA.  There were two children born to the marriage, [I.W.], born December 7, 1995, and [A.W.], born December 4, 1997.

In December 2008 the parties separated and [Husband] moved out of the marital residence. He now resides in Bradford, Pennsylvania and is employed as a professor at the University of Pittsburgh at Bradford. As a professor his annual salary is $51,000 per year. [Husband] was born on Jan[uary] 4, 1967 and is currently 46 years old.

[Wife] remains at the marital residence at 371 Packing Road, New Bethlehem, PA. [Wife] received her bachelor's degree from Clarion University in elementary education in 1982. For approximately fourteen years from 1984 through 1997 [Wife] worked as a teacher for St. Joseph's School in Lucinda, PA. In 1997, by agreement of the parties, [Wife] quit working to be a stay at home mother. [Wife] returned to work in 2002 as a substitute teacher.

In 2008 [Wife] was diagnosed with MS. She testified that she experiences symptoms such as occasional falling, balance problems, fatigue, numbness in her left leg and foot, and shocking sensations in her muscles and limbs. At the onset of the symptoms in 2008 [Wife] was admitted to the hospital for a couple days. Since then she has not been in the hospital. [Wife] testified that when she stands or sits for an extended period of time her symptoms are exacerbated. She takes no medications on a regular basis. When her symptoms are bad she takes [painkillers] and steroids.

Since 2008 [Wife] has worked sporadically as a substitute teacher. In 2010 she was employed for the school year on a part-time basis as a teacher's aide for Union School District. She testified that she quit at the end of the school year because it was too hard on her health. Currently she is on the substitute list for Union School District and Clarion Area School District but she does not substitute on a regular basis.

Trial Court Opinion, 5/31/13 at 2-3.

Wife filed a Complaint in Divorce on January 29, 2009. On May 9, 2012, a Master's Hearing was held to determine the issues of divorce, alimony and equitable distribution. Following the hearing, the Master recommended, *inter alia*, an equitable distribution of marital assets of 55%

to Wife and 45% to Husband. **See** Master's Report, 7/2/12 at 8 (unnumbered). The Master further recommended that Husband pay Wife alimony in the amount of $650.00 per month for six years, "to allow [Wife] to obtain higher education should she choose to do so." **Id**. 10. Neither party filed exceptions to the report and on July 24, 2012, the trial court entered an order declaring the marriage irretrievably broken and ordered Husband to, *inter alia*, pay Wife alimony in the amount of $650.00 per month for six years in accordance with the Master's recommendation.

On August 13, 2012, Wife filed a Motion for Clarification of the court's order with regard to the alimony payment. Following a status conference, the trial court directed the Master to file a supplemental report to clarify his recommendation of alimony. **See** Order, 9/1/12. The Master filed a supplemental report on October 15, 2012, which deviated from the prior report in that it recommended Husband pay Wife alimony in the amount of $650.00 per month for only three years. Wife filed exceptions to the supplemental report on October 30, 2012. The trial court ultimately overruled Wife's exceptions, and on May 31, 2013, entered an order adopting the Master's recommendations. The order awarded alimony to Wife "in the amount of $650.00 per month for three years from October 15, 2012, the date of the Supplemental Master's Report." Order, 5/31/13. A final decree in divorce was entered by the trial court on October 28, 2013. That same day, Wife filed the instant timely appeal.

As noted, Wife argues that the trial court abused its discretion when it determined that she was entitled to alimony of $650.00 per month for only three years.[1] Wife contends that, due to her MS diagnosis, she should be granted permanent alimony or, in the alternative, alimony for six years as recommended in the Master's initial report. Wife also claims that the Master conducted his analysis under the factors enumerated in 23 Pa.C.S. § 3502, pertaining to equitable division of property, rather than the factors listed under 23 Pa.C.S. § 3701, pertaining to alimony. *Id*. at 17. We note the following with regards to an award of alimony:

> Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met.

_____

[1] In the Statement of Questions Involved contained in Wife's appellate brief, Wife raises an additional issue: "Did the lower court abuse its discretion and err as a matter of law in determining that commencement of the Alimony would be made retroactive back to October 15, 2012, one year prior to the Divorce Decree having been issued and prior to the completion of all litigation?" Wife's Brief at 4. This second issue was not raised in the court below and is not contained in Wife's Rule 1925(b) Concise Statement of Errors Complained of on Appeal, filed December 11, 2013. Thus, Wife has waived this claim on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement ... are waived").

Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award.

*Kent v. Kent*, 16 A.3d 1158, 1161 (Pa. Super. 2011) (internal quotes and citations omitted), *appeal denied*, 612 Pa. 692, 29 A.3d 797 (2011).

The trial court must consider the factors enumerated in 23 Pa.C.S. § 3701 when determining whether alimony is necessary. The statute states, in pertinent part:

**b) Factors relevant.--**In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

**(c) Duration.--**The court in ordering alimony shall determine the duration of the order, which may be for a definite or an indefinite period of time which is reasonable under the circumstances.

23 Pa.C.S. § 3701(b), (c).

Instantly, the trial court noted in its opinion filed pursuant to Pa.R.A.P. 1925(a) that although the Master references only the factors listed under Section 3502, relating to equitable division of property, those factors are nearly identical to the factors under Section 3701. *See* Trial Court Opinion, 5/31/13 at 5. The trial court further determined that the Master thoroughly considered those facts:

It was established at the Master's Hearing that [Wife] has a college degree and a long history working as a full time teacher, teacher's aide and substitute teacher. She is qualified

to continue in these positions. Since her diagnosis of MS in 2008 [Wife] did work as a teacher's aide for the entire 2010 school year. Since then she has worked as a substitute teacher but the record is not clear how often.

The Master heard ample testimony from [Wife] regarding her diagnosis of MS and its effect on her. She testified as to the symptoms she suffers and the ways working exacerbates those symptoms.

The Master concluded in his report that while suffering from MS, [Wife] is capable of working part-time, continuing her education and with further education, may be capable of full-time employment. [Wife] offered no additional evidence outside of her own testimony to support her argument that she is unable to maintain future employment. She offered no medical testimony regarding the state of her disease or its future prognosis. She also failed to present any third party accounts of the effects MS has on her ability to presently maintain employment. At this point, [Wife] has not attempted to qualify for social security disability.

*Id*. at 5-6. The trial court ultimately deferred to the Master's conclusion regarding Wife's ability to maintain future employment and found the alimony award to be fair and adequate. *See id*. at 6.

While we are cognizant that "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses," *Childress v. Bogosian*, 12 A.3d 448, 455-456 (Pa. Super. 2011) (citation omitted), it is not binding on the trial court. *Naddeo v. Naddeo*, 626 A.2 608, 614 (Pa. Super. 1993). While we agree with the trial court that the factors listed under Sections 3502 and 3701 are similar, they are not identical, in that not all of the factors enumerated under Section 3701 are encompassed under Section 3502. *Compare* 23 Pa.C.S. § 3701(b)(1)-(17) with 23 Pa.C.S. § 3502(a)(1)-(11).

The Divorce Code dictates that "[i]n determining the nature, amount, duration and manner of payment of alimony the court must consider **all** relevant factors" prescribed at 23 Pa.C.S. § 3701(b). *Isralsky v. Isralsky*, 824 A.2d 1178, 1188 (Pa. Super. 2003). This analysis is simply not supported by the record. Accordingly, we are constrained to vacate the order and remand this case with instructions to the trial court to analyze an award of alimony with consideration all of the factors prescribed under Section 3701(b)(1)-(17).[2]

Order vacated. Motion to quash denied. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014

_____

[2] Husband has filed a motion to quash the appeal due to Wife's failure to comply with Pa.R.A.P. 2154(a). We deny the motion to quash the appeal.