J-A01021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| REED J. DAVIS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOANN M. DAVIS, | : | |
| | : | |
| Appellee | : | No. 670 WDA 2014 |

Appeal from the Order April 4, 2014,
Court of Common Pleas, Allegheny County,
Family Court at No. FD 85-006357-008 Pacses No. 624002798

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 04, 2015**

Reed J. Davis ("Husband") appeals from the order entered on April 4, 2014, by the Court of Common Pleas, Allegheny County, reducing his alimony payment to his ex-wife, Joann M. Davis ("Wife"), from $2,000 to $1,000.  For the reasons set forth herein, we affirm.

A summary of the relevant facts and procedural history is as follows:

> Husband and Wife were married in 1963, separated in 1983 and divorced in 1986.  Both Husband and Wife were approximately 60 years old at the time of the divorce.  They have four adult children.  At the time of the divorce, Husband was a practicing attorney earning over $200,000 per year.  Judge Eugene Strassburger entered an Order in the matter, in which Husband was to pay $2,000 a month in permanent alimony to Wife.  Husband filed an appeal and Judge Strassburger's Order was affirmed on January 27, 1994.
>
> Husband remarried in 1986 after he and Wife divorced.  A child was born of that second marriage

who is now 26 years old. In 2004, Husband filed a petition to modify alimony. At the time of that hearing, Husband was still living in Pittsburgh and practicing law. His income was found to be $9,598.00 per month and Wife was found to have an income of $1,788.00. Husband's petition for modification was denied.[FN1]

Husband retired and ceased practicing law in 2011. He receives $2,600.00 monthly from Social Security. He and his second spouse moved to Florida where they purchased a home in a gated community. Soon after that, they separated, with Husband remaining in the home and being responsible for the mortgage and fees. On June 26, 2013, he filed a petition to modify alimony, asserting his circumstances had changed and his obligation should be terminated.

A hearing was held on November 20, 2013 before a Special Master. At the hearing, evidence was introduced to demonstrate that Husband has paid and continues to pay his adult child's education loans and continuing schooling, including law school tuition, primarily from his retirement assets. Husband testified that he recently filed for divorce [from] his second [w]ife in Florida. Evidence was introduced that Husband and Wife's marital home in Pittsburgh had been sold to their son, with each party receiving one-half of the proceeds. Additionally, Husband had recently sold rental properties which had been a source of income. Wife testified that her monthly income is $809.00 from Social Security and that she receives $1,450.00 per month in gross rents.

Husband also presented evidence of his retirement and significantly reduced income. His expert, David Kaplan, testified that Husband[] has no earned income and that his disposable income is $2,769.00 to $3,454.00 per month depending on his income tax filing status. Husband testified that he receives no funds from his previous law practice which he turned over to his son in 2011, although he is still a co-

owner of the business entity. He testified that he owes significant capital gains tax on the sale of the rental property. He also testified that he expects his assets to be diminished by his pending divorce.

On December 5, 2013, the Hearing Officer issued her Recommendation which reduced Husband's alimony obligation to Wife from $2,000.00 to $300.00 per month and provided for that obligation to be suspended pending recoupment of overpayment in the amount of $8,240.00, which recoupment would take more than two years.

On March 27, 2014[FN2], [the trial court] granted Wife's exceptions in part and set Husband's monthly obligation at $1,000 a month, finding that Husband had demonstrated a change in circumstances entitling him to a modification, but that Wife was still entitled to receive alimony pursuant to the original award. Husband filed the instant appeal and timely filed his 1925(b) Statement.

_____

[FN1] Wife's counsel insisted there was a subsequent modification request by Husband which was also denied in 2009, but the only evidence of activity in 2009 on the record is an enforcement/compliance hearing.

[FN2] [The trial court] amended [the] Order on April 4, 2014 to modify the timing of recoupment of any overpayment due to Husband.

Trial Court Opinion, 7/24/14, at 1-4 (footnotes included in original) (citations to transcript omitted).

On appeal, Husband raises the following issues for our review:

1. Was the trial court's attribution of rental income to Husband in excess of his actual receipt and retirement income requiring Husband to invade principal an abuse of discretion?

2. Whether it was an abuse of discretion to fail to consider that Wife's net worth was substantially greater than Husband's in the review of alimony?

3. Whether it was an abuse of discretion not to consider the duration of the marriage and the length of time Husband has been paying Wife support and alimony?

Husband's Brief at 5.

Our standard of review is well settled:

The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

*Dalrymple v. Kilishek*, 920 A.2d 1275, 1278 (Pa. Super. 2007). "An abuse of discretion is more than an error in judgment; it occurs if the judgment is manifestly unreasonable or is the result of prejudice, bias or ill-will." *Willoughby v. Willoughby*, 862 A.2d 654, 656 (Pa. Super. 2004) (citing *Jayne v. Jayne*, 663 A.2d 169, 174 (Pa. Super. 1995)).

For his first issue on appeal, Husband claims that the trial court abused its discretion by calculating his monthly net income to be $5,000. Husband's Brief at 10. Husband specifically assails the trial court's attribution of $15,000 of rental income and $16,000 of retirement assets to his monthly net income. *Id.* To this end, Husband challenges the precise mathematical computation of his net monthly income, raising claims that the

trial court erred by failing to consider ownership interests in the building, tax implications, services provided in exchange for discounted rent, and that the trial court erroneously considered the corpus of his assets. *Id.* at 12-17. Husband's focus on establishing that the trial court erred in its mathematical computation of his net monthly income is misplaced however, as this Court has established that alimony is based upon "the payor's ability to pay." *See Kent v. Kent*, 16 A.3d 1158, 1161 (Pa. Super. 2011) ("Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.") (citation omitted).

In this case, the trial court determined that Husband receives more income than both he and his expert witness claimed at the modification hearing. At the modification hearing, Husband presented the testimony of an expert witness to establish his income. The Special Master deemed the expert witness credible and adopted his calculations, which set Husband's disposable income at $2,769 per month. N.T., 11/20/13, at 260-62; Special Master's Report, 12/5/13, at 1. Wife filed exceptions and a brief in support of her exceptions, arguing, in part, that the Special Master ignored in her calculation of Husband's net income that Husband provided discounted rent to his son and failed to include funds from Husband's retirement assets that he voluntarily withdrew for his own living expenses and to support his adult son. Wife's Brief in Support of Exceptions, 2/19/14, at 4-5. The trial court

granted Wife's exceptions in part, concluding that Husband kept his income artificially low and calculated Husband's net monthly income to be $5,000. Trial Court Order, 3/27/14, at 1.

The record reflects that the trial court considered the evidence presented by Husband and Wife regarding their financial positions, took into consideration "Husband's diminishing sources of income as well as Wife's sources of income[,] and modified the payment accordingly." Trial Court Opinion, 7/21/14, at 7. After considering the financial positions of Husband and Wife, and concluding that Husband kept his income artificially low, the trial court determined that Husband's circumstances warranted a reduction from his obligation to pay $2,000 per month, and concluded that Husband has the ability to pay $1,000 per month. After reviewing the record, we conclude that the record contains adequate support for the trial court's determination that Husband has more income than he claims and has the ability to pay $1,000 per month.

First, the record supports the trial court's determination "that Husband has kept his income artificially low by, among other methods, offering preferential rents to his son's law firm." Trial Court Order, 3/27/14, at 1. Husband testified at trial that while his son's law firm paid ten dollars a square foot in rent, the remaining tenants paid fifteen to eighteen dollars a square foot. N.T., 11/20/13, at 122-23. Husband further testified that the target rent for tenants in the building was fifteen dollars a square foot. *Id.*

The record also supports the trial court's determination that Husband has the ability to pay $1,000 a month as Husband has voluntarily withdrawn funds from his retirement assets to pay for expenses that "are subordinate to his principal court-ordered alimony." Trial Court Opinion, 7/21/14, at 8. Husband testified that he made regular monthly payments on his adult son's student loans and withdrew approximately $16,000 from his retirement assets to pay off the loans in 2013. N.T., 11/20/13 at 157-59. The trial court factored this into its determination of Husband's ability to make alimony payments, finding that his voluntary payment of his adult son's loans were "equal to more than [eight] months of alimony payments." **Id.** After our review, we conclude that the record supports the trial court's finding that "[i]f Husband has the ability to pay the expenses of a third party to whom he has no legal obligation, he cannot reasonably argue he does not have the ability to pay this priority obligation." **Id.**

In conclusion, the trial court's finding that Husband has more income than he and his expert claimed at the modification hearing, and therefore, has the ability to pay $1,000 per month, is supported by the record. Husband failed to present any argument or evidence to establish the contrary to be true, as Husband does not argue that he does not have the ability to pay $1,000 per month. Accordingly, we conclude that the trial court acted within its discretion. Husband is not entitled to relief on this issue.

For his second issue on appeal, Husband claims that the trial court abused its discretion by requiring Husband to continue to pay alimony to Wife because Wife has a higher net worth. Husband's Brief at 17. Husband states that Wife's net worth on the date of the modification hearing was $548,229 and Husband's net worth was $378,000, which is offset by liabilities, including $80,000 due in capital gains taxes. *Id.* at 17-18. Husband does not claim that the trial court failed to consider the discrepancies between his net worth and Wife's net worth. Instead, Husband's argument goes to the weight of the evidence that the trial court ascribed to Wife's net worth. *See* Husband's Brief at 17-19.

It is well established that "with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand." *Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009) (quoting *Hogrelius v. Martin*, 950 A.2d 345, 348 (Pa. Super. 2008)). Moreover, after our review of the record, we are unable to discern any abuse of discretion by the trial court.

Citing to *Ressler v. Ressler*, 644 A.2d 753 (Pa. Super. 1994), Husband argues that "it is an abuse of discretion to award alimony to a payee whose net worth is higher than the payor's net worth." Husband's Brief at 18. In *Ressler*, this Court held that the trial court abused its discretion in awarding alimony to the wife, such that she would have twice

- 8 -

the annual income than husband and would "enjoy a better theoretical standard of living than during the parties' marriage." ***Ressler***, 644 A.2d at 758-59. We held that the award "was an abuse of discretion since it failed to 'effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties … [.]'" ***Id.*** at 759.

In this case, the record reflects that the trial court considered the evidence presented by Husband and Wife regarding their financial positions. The trial court stated that it took into consideration "Husband's diminishing sources of income as well as Wife's sources of income and modified the payment accordingly." Trial Court Opinion, 7/21/14, at 7. In reaching its decision to modify the payment, the trial court determined that it was unreasonable for Wife not to take any draws from her retirement assets or capital accounts, and therefore, factored that into its consideration of her need for alimony. ***Id.*** at 8. The trial court further provided that its finding that "Husband's income was substantially reduced from its 2004 level and that Wife had an untapped source of income in her retirement assets, [] resulted in [its] decision to, essentially, halve the alimony payment." ***Id.*** at 7. The record therefore reveals that after considering the financial positions of Husband and Wife, the trial court determined that reducing Husband's obligation from $2,000 to $1,000 a month, rather than terminating his obligation, adequately addressed Husband's reduction in income and

diminution of assets while also taking into consideration Wife's need for alimony. We find that the record supports this determination. Thus, unlike **Ressler**, the trial court's determination appropriately considered the parties' circumstances and awarded alimony in a manner to effectuate economic justice between Husband and Wife. Husband is not entitled to relief on this issue.

For his third and final issue on appeal, Husband assails the trial court's denial of his request to terminate his ongoing alimony obligations. Husband's Brief at 19. Husband argues that the trial court abused its discretion by requiring him to pay alimony for a term longer than the marriage lasted, which he claims is manifestly unreasonable. Husband's Brief at 19-20.

The trial court denied Husband's request, holding that "Husband ignores the fact that his obligation to pay Wife permanent alimony 'until death, remarriage or cohabitation' has already been adjudicated, upheld, and is not subject to challenge." Trial Court Opinion, 7/21/14, at 6. The trial court concluded:

> None of the requisite events for termination has occurred. How long Husband has been paying or how much he has already paid, therefore, is immaterial to my analysis. The **only** decision before me was whether modification, (including possible termination) was appropriate due to a change in circumstances, and, if so, what modification was appropriate. Alimony is based upon reasonable needs in accordance with the lifestyle and standard

> of living established by the parties during the marriage, as well as the payor's ability to pay.

*Id*. at 6 (emphasis in original) (citation omitted).

Our review of the record discerns no abuse of discretion by the trial court. This Court previously established, "a party may not attempt to relitigate matters adjudicated in the existing support order; a petition to modify an order of support cannot be a substitute for an appeal." *Florian v. Florian*, 689 A.2d 968, 971-72 (Pa. Super. 1997) (citing *Crawford v. Crawford*, 633 A.2d 155, 164 (Pa. Super. 1993)). Thus, as the trial court previously awarded Wife lifetime alimony, which this Court subsequently affirmed, Husband may not challenge the validity of a lifetime alimony award in his current appeal. Husband is not entitled to relief on this issue. Accordingly, we do not disturb the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015

- 11 -