J-A22021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGG A. CONFER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANDRA B. CONFER | : | |
| | : | |
| Appellant | : | No. 1896 MDA 2019 |

Appeal from the Decree Entered November 7, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  07-FC-40449

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 03, 2021**

Wife, Sandra B. Confer, appeals from the decree entered November 7, 2019, in this divorce matter involving Wife and Husband, Gregg A. Confer. We affirm.

The trial court summarized the factual and procedural history of this case as follows:

This case involves an alimony and equitable distribution dispute between the parties.  By way of background [Husband], and [Wife], were married on September 27, 1980.  (Complaint, 04/09/07).  The parties have four (4) adult children, including their daughter, Paige, who has been diagnosed with a seizure disorder.  This action commenced by Husband filing a Divorce Complaint on April 9, 2007.  *Id.*  Then, on May 20, 2015, Wife filed a Motion for Appointment of Master.  (Motion, 05/20/15).  A hearing commenced before the Divorce Master, William Hall, Esq. (hereinafter "Master") on June 29, 2017.  (H.T., 06/29/17).  The Master issued a Report and Recommendation on October 31, 2017.  (Report and Recommendation, 10/31/17).  In the Master's Report, he recommended that distribution of the marital estate should be sixty-five percent (65%) to Wife and thirty-five percent

(35%) to Husband. *Id*. The Master also ruled that Wife should be awarded alimony in the amount of two thousand dollars ($2,000.00) for an indefinite period of time. *Id*.

On November 13, 2017, Husband filed Exceptions to the Master's Report and Recommendation wherein [he raised twenty-five points of error.]

Oral arguments on Husband's Exceptions were held before [the trial c]ourt on January 31, 2018. T[he trial c]ourt entered an Order dated February 26, 2018 holding Husband's Exceptions in abeyance until further testimony is taken on the child's ability to obtain Social Security benefits and the programs available to Wife to obtain income as the caretaker for the child.
(Order, 02/26/18).

A hearing was held before [the trial c]ourt on October 7, 2019. On October 10, 2019, [the trial c]ourt issued an Order and an Amended Order on October 16, 2019 ruling on Husband's Exceptions. (Order, 10/10/19; Amended Order, 10/16/19). [In the Amended Order, the trial court granted nine of Husband's exceptions relating to equitable distribution and determined that "the parties shall equally divide martial estate with each party receiving fifty percent (50%) of said estate." Amended Order, 10/16/19, at 1. Regarding alimony, the trial court granted twelve of Husband exceptions and held that "Husband shall pay Wife alimony in the amount of one thousand three hundred eighty seven dollars ($1,387.00) per month until Husband reaches the age of sixty five or retires from his employment, whichever date is later. *Id*.] The parties presented a Divorce Decree that was signed on October 28, 2019 and Amended Decree signed on November 7, 2019 incorporating [the trial c]ourt's Amended Order dated October 16, 2019. On November 12, 2019, Wife filed a Notice of Appeal. (Notice Of Appeal, 11/12/19).

Trial Court Opinion, 1/9/20, at 1-4. Both Wife and the trial court complied

with Pa.R.A.P. 1925.

Wife presents the following issues for our review:

1. The Trial Court committed an abuse of discretion and erred as a matter of law in awarding Wife only fifty (50%) percent of the

marital estate and ordering that Wife pay all of the home equity line of credit.

2. The lower court committed an abuse of discretion and erred as a matter of law in concluding that Wife was not paying a mortgage when Wife was paying a home equity line of credit/mortgage on the marital residence.

3. The Lower Court committed an abuse of discretion and erred as a matter of law in not considering the factors set forth in 23 Pa.C.S.A. §3502 in awarding Wife an equal share in equitable distribution.

4. The Lower Court committed an abuse of discretion and erred as a matter of law in ordering that the payoff of the entire home equity line of credit should come out of Wife's share exclusively where the home equity line of credit existed as of date of separation, both parties has made post–separation withdrawals and Husband has agreed that he was liable for his share and the parties had agreed to use the line of credit for repairs of the marital residence to improve it for sale.

5. The lower court committed an abuse of discretion and erred as a matter of law in awarding only $1,387.00 per month in alimony to Wife.

6. The lower court committed an abuse of discretion and erred as a matter of law in limiting the term of alimony until Husband attains the age of 65 or retires, whichever occurs later and not awarding lifetime alimony.

7. The Lower Court committed an abuse of discretion and erred as a matter of law in not considering the factors set forth in 23 Pa.C.S.A. [§] 3701.

8. The Lower Court committed an abuse of discretion and erred as a matter of law in finding that Social Security Benefits would be available to the parties' daughter when she turns 18 and that Wife should rely on governmental benefits instead of alimony.

9. The lower court committed an abuse of discretion and erred as a matter of law in concluding that Wife's monthly shortfall could be made up by her inheritance.

Wife's Brief at 15-16.[1]

Wife first argues that the trial court erred in awarding her only fifty percent of the marital estate and in ordering her to pay all of the home equity line of credit. Wife's Brief at 26-43. Wife alleges that the trial court failed to consider properly the statutory factors set forth at 23 Pa.C.S. § 3502 in determining that her share of equitable distribution should be reduced to fifty percent from the Master's recommendation of sixty-five percent. *Id*. at 29-38. Further, Wife contends that the trial court erred in concluding that upon sale of the marital home, the home equity line of credit should be paid from Wife's share of the proceeds based upon the conclusion that Wife utilized the line of credit without Husband's consent. *Id*. at 39-43.

We observe that in the context of an equitable distribution of marital property, a trial court has the authority to divide the award as the equities

_____

[1] We note that Wife's brief does not comply with Pennsylvania Rule of Appellate Procedure 2119, which provides, in pertinent part:

> **(a) General rule. The argument shall be divided into as many parts as there are questions to be argued**; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a) (emphasis added). The argument portion of Wife's brief is not divided into as many parts as there are questions to be argued because the argument portion is divided into basically two parts, yet Wife lists a total of nine issues in her "statement of the questions involved." Accordingly, we will address the issues as presented in the argument section of Wife's brief.

presented in the particular case may require. ***Mercatell v. Mercatell***, 854 A.2d 609, 611 (Pa. Super. 2004). The following principles guide our review:

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

***Smith v. Smith***, 904 A.2d 15, 18 (Pa. Super. 2006) (quoting ***McCoy v. McCoy***, 888 A.2d 906, 908 (Pa. Super. 2005)). "In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights."[2] ***Morgante v. Morgante***, 119

---

[2] The relevant factors in an equitable distribution determination are:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

A.3d 382, 387 (Pa. Super. 2015) (quoting **Biese v. Biese**, 979 A.2d 892, 895 (Pa. Super. 2009)).

In addressing its decision to grant Husband's exceptions to the Master's report pertaining to equitable distribution, the trial court set forth the following apt discussion after it noted its consideration of the applicable factors under 23 Pa.C.S. § 3502(a):

> [The trial c]ourt found the Master erred in not permitting testimony regarding the parties' child's ability to receive Social Security benefits when she turns eighteen (18) and any governmental programs available to the child upon reaching the age of eighteen (18). The Master also erred in ruling that Wife was unable to receive income while serving as the primary

---

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S. § 3502(a).

caregiver to the child and excluded any testimony of such. [The trial c]ourt determined that Wife is entitled to receive thirty-two thousand four hundred eighty-eight dollars and forty cents ($32,488.40) per year to serve as the primary caretaker for the child. Wife argued that this compensation will be unavailable if the child is hospitalized, institutionalized or dies prior to Wife. However, if any of those events occur, Wife will be eligible to obtain employment.

Additionally, Wife incurred a home equity line without the knowledge and/or consent of Husband after separation that she indicated was needed to maintain the residence despite the fact that she was receiving a mortgage deviation in the original Support Order, which included support for the real estate taxes. Further, there was no evidence presented as to how such funds were used. [The trial c]ourt determined that Wife should be responsible for the total amount of the home equity line of credit.

Moreover, [the trial c]ourt found that Husband waived his right to Wife's residence yet he would be penalized for waiving such right by requiring [the trial c]ourt to take into consideration a mortgage payment that does not even exist, as Wife failed to present any supporting evidence of such. Therefore, upon consideration of the equitable distribution factors enumerated in *23 Pa.C.S.A. § 3502(a)*, Husband's First (1st), Sixteenth (16th) through Twenty-Second (22nd), Twenty-Fourth (24th) and Twenty-Five (25th) Exceptions were granted and equitable distribution between the parties shall be an equal fifty percent (50%) divide for each party.

Trial Court Opinion, 1/9/20, at 7-8.

Upon our thorough review of the record, we agree with the trial court and conclude that it did not abuse its discretion in distributing the marital property. Specifically, the trial court properly weighed the appropriate equitable distribution factors set forth at Section 3502(a). Moreover, we discern no error on the part of the trial court with regard to its determination that Wife is responsible for the full amount of the home equity loan that she

took out post-separation. Hence, we determine that Wife's claims relative to the trial court's holding pertaining to equitable distribution lack merit.

Wife next argues that the trial court erred in reducing the amount of monthly alimony she was to receive from Husband. Wife's Brief at 44-62. Specifically, Wife contends that the trial court should have made the term of alimony indefinite and not terminate upon Husband's retirement or his reaching the age of sixty-five, whichever is later. *Id*. at 50-51. In addition, Wife alleges that the trial court failed to properly consider the statutory factors set forth at 23 Pa.C.S. § 3501 in determining that the amount of monthly alimony should be reduced. *Id*. at 51-60. Further, Wife posits that the trial court erroneously considered whether the parties' daughter, as well as Wife, would be eligible to receive benefits through Social Security. *Id*. at 60-61.

We begin by noting the following:

> Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. *Teodorski v. Teodorski,* 857 A.2d 194, 200 (Pa. Super. 2004) (citation omitted). An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. *Stamerro v. Stamerro,* 889 A.2d 1251, 1259 (Pa. Super. 2005). "The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met." *Miller v. Miller,* 744 A.2d 778, 788 (Pa. Super. 1999) (citation omitted).

> "Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." *Teodorski,* [*supra*] at 200 (citation omitted). An award of

alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award. ***Jayne v. Jayne***, [] 663 A.2d 169[, 174] ([Pa. Super.] 1995).

***Kent v. Kent***, 16 A.3d 1158, 1161 (Pa. Super. 2011) (quoting ***Balicki v. Balicki***, 4 A.3d 654, 659 (Pa. Super. 2010)). In determining "whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute."[3] ***Lawson v. Lawson***, 940 A.2d 444, 447 (Pa. Super. 2007) (emphasis in original).

---

[3] Section 3701 of the Divorce Code, 23 Pa.C.S. §§ 3101-3904, sets forth the relevant factors for determining alimony as follows:

**§ 3701. Alimony**

**(a) General rule.--**Where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary.

**(b) Factors relevant.--**In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).
(15) The Federal, State and local tax ramifications of the alimony award.

After noting the relevant statutory factors for determining the award of alimony, the trial court addressed its decision to grant Husband's exceptions to the Master's recommendation pertaining to the award of alimony as follows:

> [The trial c]ourt found the Master did not err in determining that Wife is entitled to alimony, but erred in the duration and the sum of the award. The Master was correct in stating that Wife's inheritance alleviates somewhat the amount of alimony. However, the Master did not consider the fact that Wife will receive fifty percent (50%) of Husband's Social Security benefits when he retires or that Husband will be supporting the parties' disabled daughter after she reaches the age of majority. [The trial c]ourt determined the award of alimony should not be greater than Wife's current award for spousal support which she was receiving for over ten (10) years. The Master acknowledges that any shortfall Wife may experience can be supplemented by her award of equitable distribution. However, the Master considered Wife's non-marital assets and concluded that Wife has a mortgage on her property. However, there is no evidence on the record to support such claim. Moreover, as discussed above, [the trial c]ourt found that Husband waived his right to Wife's residence yet he would be penalized for waiving such right by requiring [the trial c]ourt to take into consideration a mortgage payment that does not even exist. [The trial c]ourt does take into consideration that Wife has served as a homemaker and caregiver for the parties' disabled daughter, which is the basis for [the trial c]ourt's determining the alimony award should not be eliminated, but reduced.

---

> (16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

> (17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S. § 3701(a)-(b).

- 11 -

Furthermore, the Master erred in awarding alimony for an indefinite period of time. Testimony on the record indicated that Husband will retire at the age of sixty-five (65) and does not have a pension. Further, Wife will receive fifty percent (50%) of Husband's Social Security benefits. Therefore, upon consideration of the alimony factors enumerated in 23 Pa.C.S.A. § 3701(b), Husband's Fifth (5th) through Fifteenth (15th) and Twenty-Third Exceptions were granted and [the trial c]ourt determined that Husband shall pay Wife alimony in the amount of one thousand three hundred eighty seven dollars ($1,387.00) until Husband retires or reaches the age of sixty-five (65), whichever occurs later.

Trial Court Opinion, 1/9/20, at 9-10.

Upon review of the record, we are constrained to conclude that the trial court did not abuse its discretion in altering the award of alimony to Wife. As the trial court noted, it considered all of the relevant alimony factors and evidence in reducing the terms and amount of alimony. Trial Court Opinion, 1/9/20, at 12. Further, the trial court was acting within its discretion in determining that benefits to the parties' daughter were available through Social Security and that Wife had the opportunity to earn income through serving as the daughter's primary caregiver. Thus, we conclude that the trial court's findings are supported by the record. Accordingly, we agree with the trial court's determination in this regard and conclude that Wife's contrary claim lacks merit.

In summary, we have concluded the trial court did not err in adjusting the equitable distribution between the parties. Further, we discern no error by the trial court in its decision to adjust the alimony to be paid by Husband

to Wife.  Thus, there is no merit to any allegation that the trial court failed to effectuate economic justice pursuant to 23 PA.C.S. § 3102(a)(6).

Decree affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/03/2021